342

**Martin E. WENDELKEN, Plaintiff,**

v.

**BUREAU OF THE CENSUS, N.Y., N.Y., Director of the Bureau of the Census Bruce Chapman, Secretary of the Department of Commerce Malcolm Baldrige, Attorney General of the United States William French Smith, Department of Justice, Clerk of the House of Representatives Benjamin J. Guthrie, Thomas P. O'Neill, Jr., Speaker of the House of Representatives, Defendants.**

No. 83 Civ. 3111.

United States District Court,
S.D. New York.

Sept. 21, 1983.

Martin E. Wendelken, pro se.

Michael H. Dolinger, Asst. U.S. Atty., New York City, for defendants.

EDWARD WEINFELD, District Judge.

Martin E. Wendelken, a citizen of New Jersey and the plaintiff in this action, seeks an order overturning the Act of August 8, 1911, ch. 5 §§ 1, 2, 37 Stat. 13, 14, which provides that the House of Representatives shall be constituted by 435 members. These seats are apportioned among the states by population, consistent with the rule that no state shall receive fewer than one representative. 2 U.S.C. § 2a (1976). The government moves to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

Wendelken takes no issue with the method of apportionment. Rather, he claims that the House of Representatives is too small. He argues that Article I, section 2, clause 3 of the Constitution mandates allocation of a representative in Congress to every 30,000 residents of a state, so long as no state is unrepresented.

As noted in Judge Judd's well-researched opinion in *Whelan v. Cuomo*, 415 F.Supp. 251 (E.D.N.Y.1976), such an argument misconstrues the plain meaning of the Constitution, which states that "[t]he [n]umber of [r]epresentatives shall not exceed one for every thirty thousand, but each [s]tate shall have at least one [r]epresentative," and ignores the history leading to adoption of the Constitution. 415 F.Supp. 258. To the extent Wendelken relies on such an argument, the Court dismisses his complaint for the reasons stated by Judge Judd.

Wendelken claims, alternatively, that even if Congress has discretion by virtue of Article I to limit the number of representatives as it has, that discretion is constrained by the fifth amendment's guarantee of equal protection of the laws, *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n. 2, 95 S.Ct. 1225, 1228 n. 2, 43 L.Ed.2d 514 (1976), and the principle of one person one vote that equal protection doctrine embodies, *Wesberry v. Sanders*, 376 U.S. 1, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964).

Wendelken contends that in setting the size of the House of Representatives, Con-

gress is constitutionally required to ensure that congressional districts are "as equal as they can possibly be." Claiming that Congress has failed in its duty, Wendelken points to disparities among the sizes of congressional districts in different states. For example, as Wendelken asserts, the at-large representative from South Dakota has 690,178 constituents, while each of the two representatives from Montana have 393,345. Wendelken claims his state, New Jersey, is prejudiced much like South Dakota, although to a lesser degree. The remedy to this situation, Wendelken argues, is a House of Representatives composed of roughly 7,000 members.

Although somewhat novel, this argument has no merit. The inequality of which Wendelken complains inheres in our constitutional structure. So long as the Constitution requires apportionment of seats in the House of Representatives among the *states,* inequalities of voting power of the kind mentioned above are inevitable in view of population differences; the question is a matter of degree. Wendelken argues that this Court should order the Congress to ameliorate inequality of voting power within our constitutional framework by creating more seats in the national legislature. He cites no decision, and this Court is aware of no decision, that has ordered such a remedy. The decision to limit the size of the House of Representatives to 435 members is expressly committed to the discretion of Congress.

The government's motion to dismiss is granted.

So ordered.